UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LIBERTARIAN PARTY,                                    CIVIL ACTION
LIBERTARIAN PARTY OF LOUISIANA,
BOB BARR, WAYNE ROOT,                                 NO. 08-582-JJB
SOCIALIST PARTY USA,
BRIAN MOORE, STEWART ALEXANDER

VERSUS

JAY DARDENNE,
In his official capacity as Louisiana
Secretary of State

## RULING ON MOTIONS

This matter is before the court on a Motion to Dismiss Case as Moot (Doc. 48) filed by Defendant, Jay Dardenne, in his official capacity as Secretary of State, against Plaintiffs the Libertarian Party, the Libertarian Party of Louisiana, Bob Barr, and Wayne Root, (hereinafter the "Libertarian Party") and the Socialist Party USA, Brian Moore, and Stewart Alexander (hereinafter the "Socialist Party"). Additionally before this court are a Motion to Amend Complaint (Doc. 44) and a Motion for Costs and Attorney's Fees under Rule 4(d) (Doc. 45), both filed by Plaintiffs against Defendant. Oral arguments were conducted on these motions on February 19, 2009. Jurisdiction exists pursuant to 28 U.S.C. § 1331.

## Factual Background

On September 15, 2008, Plaintiffs filed a Complaint (Doc. 1) against Defendant contending actions of the Secretary of State violated the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983,

1

alleging that state closure of offices for non-essential purposes on September 2, 2008 (for the Socialist Party) and September 5, 2008 (for the Libertarian Party) and not affording a reasonable time thereafter for submission of qualifying papers to be placed on the Louisiana presidential election ballot, unconstitutionally denied them ballot access.  The complaint alleged the Secretary of State's extension of the deadline for acceptance of qualifying papers through September 8, the first day the office was fully reopened, was null and void under U.S. Constitution, Art. II, § 1, cl. 2, and 42 U.S.C. § 1983; that failure to provide notice of the September 8 extension violated due process and 42 U.S.C. § 1983; and that the September 8 deadline was arbitrary and capricious and violated due process.  Plaintiffs demanded declaratory and injunctive relief under 42 U.S.C. § 1983 and 28 U.S.C. § 2201 for alleged unconstitutional enforcement of allegedly *ultra vires* and arbitrary deadlines.

A hearing was held on September 22, 2008, on the motion for preliminary injunction, the request for temporary restraining order having been denied on September 16, 2008 (Doc. 4).  The motion (Doc. 2) requested that the Secretary of State be ordered to cease and desist enforcement of the September 2 and September 8 deadlines and accept the qualifying papers tendered by the Libertarian Party on September 10 and by the Socialist Party on September 11, and that the names of Bob Barr and Wayne Root (Libertarian Party) and Brian

Moore and Stewart Alexander (Socialist Party) be placed on the Louisiana 2008 presidential election ballot.

After the hearing on September 22, 2008, the preliminary injunction was granted as to the Libertarian Party and denied as to the Socialist Party (Doc. 20). The Secretary of State was ordered to re-print the absentee by mail ballots for the presidential election in Louisiana to include the candidates and electors for the Libertarian Party. The ruling was stayed until September 25, 2008, to allow for appeal. The Secretary of State filed notice of appeal on September 25, 2008, and moved the Fifth Circuit, pursuant to Fed. R. App. P. 8, to stay the injunction pending appeal. On September 26, 2008, the Fifth Circuit granted the stay (Doc.28), finding that the Secretary of State had made a showing of likelihood of success on the merits of the appeal.

### I.   Mootness

Defendant argues that, with the occurrence of the November 4, 2008, presidential election, all issues in this case as presented in the Complaint (Doc. 1) are moot. Plaintiffs agree that any challenge to the preliminary injunction is moot,[1] but believe that other issues in this case remain alive. Plaintiffs seek permanent relief declaring Defendant's September 2, 2008, and September 8, 2008, deadlines unconstitutional and permanently enjoining their enforcement.

---

[1] Appeal from the United States District Court for the Middle District of Louisiana (Doc. 61, p. 3 of 3).

Plaintiffs also seek to add claims for damages in an amended complaint which was not included in the initial complaint.

"A claim becomes moot when 'the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'"[2]  Furthermore, as the Fifth Circuit noted in *Environmental Conservation Organization v. City of Dallas*[3]:

> "'Mootness is the doctrine of standing in a time frame. The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness).'[4] If a case has been rendered moot, a federal court has no constitutional authority to resolve the issues that it presents.[5]  Therefore, before considering any other matters raised by the parties, we are obliged to "resolve the outstanding question as a threshold matter of jurisdiction."'[6]

In deciding whether the entire complaint is moot, the parties agree that the Court must consider whether a recognized exception to the mootness doctrine for "the class of controversies capable of repetition yet evading review"[7] is applicable.[8]  The exception can be invoked for the Complaint's (Doc. 1) claims for declaratory relief if two elements are met:  "(1) [T]he challenged action was in its

---

[2] *Smith v. Winter*, 782 F.2d 508, 510 (5th Cir. 1986), citing *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491, 502 (1969).
[3] 529 F.3d 519, 524-525 (5th Cir. 2008).
[4] *Center for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006) (quoting *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980)).
[5] *In Re Scruggs*, 392 F.3d at 128.
[6] *Cole v. Gen. Motors Corp.,* 484 F.3d 717, 721 (5th Cir. 2007).
[7] *First National Bank of Boston v. Bellotti*, 435 U.S. 765, 774, 98 S.Ct. 1407, 55 L.Ed.2d 707 (1978).
[8] Plaintiffs cite the case of *Boagert v. Land*, 543 F.3d 862, 864 (6th Cir. 2008), for the proposition that while the holding of an election moots interlocutory challenges to awards and denials of preliminary relief, "[d]ismissal of these preliminary-injunction appeals…does not render moot the underlying district court litigation."  Thus, Plaintiffs argue that the "capable of repetition, yet evading review" doctrine can save Plaintiffs' claims to permanent prospective relief.  However, as explained below, Plaintiffs' claims are not capable of repletion, yet evading review and this doctrine is inapplicable.

4

duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again."[9]

In *Center for Individual Freedom v. Carmouche*,[10] suit was brought under the Civil Rights Act, 42 U.S.C. § 1983, and the Declaratory Judgment Act, 28 U.S.C. § 2201, and plaintiffs sought both injunctive and declaratory relief, the Fifth Circuit found that "Controversy surrounding election laws, including campaign finance regulations, is one of the paradigmatic circumstances in which the Supreme Court has found that full litigation can never be completed before the precise controversy (a particular election) has run its course," and that "suits challenging the validity of state election laws" satisfy the first prong of the exception.

Plaintiffs are correct that "suits challenging the validity of state election laws are classic examples of cases in which the issues are capable of repetition, yet evading review."[11]  However, the Court agrees with Defendant that the requests for declaratory judgment made in the Complaint (Doc. 1) do not challenge the validity of state election laws, except as arising under a particular combination of events, events that are unusual and unlikely to occur again. The first request for declaratory relief does not challenge "the validity of a state election law" but, rather, an action by the Secretary of State in extending the

---

[9] *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975).
[10] 449 F.3d 655, 661 (5th Cir. 2006).
[11] *Id.*

5

qualifying deadline to September 8, 2008.  The second request for declaratory relief does challenge a state election law, setting the September 2, 2008 deadline, but only as applied in the unusual facts of this specific case, an office closure for non-essential purposes caused by a hurricane while the office remained open for essential purposes such as qualifying.  Thus, this Court finds that this is not a "suit challenging the validity of a state election law" on its face so as to satisfy the first prong of the mootness exclusion.

In order for the second prong to apply (a reasonable expectation that the same complaining party would be subjected to the same action again) plaintiffs must make such a showing.  Isolated actions do not fall under the exception to mootness.  Requests for declaratory relief may sustain a suit only when the claims "challenge…some ongoing underlying policy" rather than "merely attack[ing] an isolated…action,"[12] and a litigant should be able to "show the existence of an immediate and definite governmental action or policy that has adversely affected and <u>continues to affect</u> a present interest,"[13] in order for declaratory relief to save a suit from mootness.

Plaintiffs believe that the focus of this situation should be "whether Defendant might again attempt to regulate elections."[14]  However, the cases show that the likely to reoccur inquiry is directed to the plaintiff, the challenger of the law, whether the plaintiff will again be subjected to the same alleged injury,

---

[12] *City of Houston v. HUD*, 24 F.3d 1421, 1429 (D.C. Cir. 1994).
[13] *Super Tire Engineering Co. v. McCorkle,* 416 U.S. 115, 125-126, 94 S.Ct. 1694, 1700, 40 L.Ed.1 (1974). (emphasis added).
[14] Plaintiffs' Response to Defendant's Motion to Dismiss / Doc. 52, p.8.

6

and not to the law itself. In *Weinstein v. Bradford*[15], the Supreme Court enunciated the second prong of the exception as: "there was a reasonable expectation that the same complaining party would be subjected to the same action again." In *Center for Individual Freedom v. Carmouche*[16], the Fifth Circuit recognized "the Court does not always focus on whether a particular plaintiff is likely to incur the same injury," but nonetheless still considered whether others in plaintiffs' position would be subjected to the challenged static condition, the challenged law.

In *Carmouche,* the Fifth Circuit stated that "precedent suggests that this case is not moot, because other individuals certainly will be affected by the continuing existence of the CFDA."[17] Neither the Plaintiffs in the instant case nor any other individuals have been or even can be shown to "be affected by the continuing existence" of anything. This Court believes that the isolated act of which Plaintiffs complain is not continuing in nature.

In *International Union v. Dana Corporation*[18] the Sixth Circuit found that a situation was not "capable of repetition" since "the combination of events which forced the [plaintiffs] to seek legal action…is unusual and unlikely to occur again."[19] In the instant matter, it is highly unlikely that Plaintiffs will again fail to qualify before the last day for qualifying for a presidential election, on days when

---

[15] 423 U.S. 147, 149 (1975).
[16] 449 F.3d at 662.
[17] *Id.*
[18] 697 F.2d 718 (6th Cir. 1983).
[19] *Id.* at 723.

the Secretary of State's office will be closed for non-essential purposes due to hurricane conditions, but open for the essential purposes of qualifying for a presidential election.[20]  Therefore, this Court finds that the entire case presented by the Complaint (Doc. 1) is moot as it is not "capable of repetition", and there is no "reasonable expectation that the same complaining party would be subjected to the same action again."[21]

## II.     The Proposed Amendment

Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires."  Although Rule 15 "evinces a bias in favor of granting leave to amend,"[22] it is not automatic,[23] and a decision to grant leave is within the discretion of the trial court.[24]  The trial court has the discretion to consider numerous factors in evaluating whether to allow amendment,[25] but a denial of leave to amend must be supported by a "substantial reason."[26]

---

[20] Additionally, had the office been completely closed during the end of the qualifying period, Louisiana law provides a method for "rescheduling of qualifying," allowing the Secretary of State to certify to the governor that a state of emergency exists, after which the Governor  "may" issue and order to "delay any qualifying of candidates." La. R.S. 18:401.1.
[21] Plaintiffs are correct that in a motion to dismiss such as this one, they are entitled to the benefit of the doubt under *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007). That "benefit of the doubt", however, is not strong enough to overcome this Court's finding of mootness.
[22] *Matter of Southmark*, 88 F.3d 311, 314 (5th Cir. 1996), *citing Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 598 (5th Cir. 1981).
[23] *Id.* citing *Wimm v. Jack Eckerd Corp.,* 3 F.3d 137, 139 (5th Cir. 1993).
[24] *Id.* citing *Louisiana v. Litton Mortgage Co.,* 50 F.3d 1298, 1302-03 (5th Cir. 1995).
[25] *U.S. ex rel. Marcy v. Rowan Companies, Inc.*, 520 F.3d 384, 391 (5th Cir. 2008).
[26] *Southmark*, 88 F.3d at 314.

As mentioned above, all issues in this case as presented in the Complaint (Doc. 1) became moot with the occurrence of the November 4, 2008 election. If allowed, this amendment will permit a case which has become moot, and over which this Court has no jurisdiction, to continue. This is certainly a "substantial reason" to deny the proposed amendment.

Plaintiffs argue that even if their claim for permanent prospective relief is moot their claim for money damages remains alive. This argument is without merit. In *Fox v. Board of Trustees of the State University of New York*[27], the Second Circuit held that "once a case is moot, it is no longer justiciable in federal court and must be dismissed,"[28] and that "the district court did not abuse its discretion in denying Plaintiffs permission to amend their complaint after the case had become moot."[29] Before reaching this conclusion, the court stated that "the inability of the courts to provide relief to Plaintiffs…is logically dependent upon the absence of a claim for damages…"[30] The Plaintiffs in *Fox* argued that because they were seeking to recover nominal damages; they believed that the case was not moot. The Second Circuit disagreed, however, stating that this contention failed "primarily because there is absolutely no specific mention in [the

---

[27] 42 F.3d 135 (2nd Cir. 1994).
[28] *Id.* at 144.
[29] *Id.*
[30] *Id.*

9

Complaint] of nominal damages.  Nor can a request of such damages be inferred from the language of [the Complaint]."[31]

Plaintiffs are correct that a damage claim may survive a mootness challenge.[32]  However, Plaintiffs' argument that the proposed amendment in this case relates back to the date of the filing of the original complaint is incorrect. Since the Plaintiffs' original Complaint (Doc. 1) became moot before an amendment was allowed, "the federal courts have no jurisdiction over the litigation," and Plaintiffs now "lack a legally cognizable interest in the outcome."[33] The *Fox* case is not limited, as the Plaintiffs assert, to preventing only amendments adding plaintiffs after a complaint becomes moot, and Plaintiffs have failed to cite any authority saying otherwise.[34]

The Fifth Circuit case of *Gospel Lighthouse Church, Inc. v. City of Dallas*[35] is most factually on point.  In *Gospel*, the Fifth Circuit upheld a district court grant of a motion to dismiss on mootness grounds; and upheld the district court denial

---

[31] *Id.* at 141.
[32] *Harris v. City of Houston*, 151 F.3d 186, 191 n. 6 (5th Cir. 1998) (noting that a claim for "even nominal damages" can preserve a claim against a mootness challenge); *See also City of Los Angeles v. Lyons,* 461 U.S. (1980) (where the plaintiff was found to have standing to seek damages for past injuries caused by an unconstitutional application of a chokehold even though he had no standing to pursue equitable relief to prevent choke-holds from being used in the future).
[33] *Fox*, 42 F.3d at 140.
[34] Plaintiffs claim that the amendment should be allowed based upon the case of *Building and Construction Trades Council of Buffalo, New York and Vicinity v. Downtown Development*, *Inc.,* 448 F.3d 138, 151 (2nd Cir. 2006). However, this case is inapplicable since damage claims in *Downtown Development* (in the form of civil penalty requests) had previously been made on the initial complaint, unlike in the instant case, where no damage claims had been presented to this Court prior to the case becoming moot.
[35] 999 F.2d 1580 (5th Cir. 1993).

of an amendment to the complaint, proposed after mootness occurred, adding parties and a damage claim. The Fifth Circuit found:

> "We hold that in the particular circumstances of this case the district court did not abuse its discretion in finding that the mootness of the claim bars this suit."
>
> \*\*\*\*\*
>
> "'The requisite personal injury that must exist at the time of the commencement of the litigation (standing) must continue throughout its existence'…Moreover, the mootness doctrine requires that the controversy posed by the plaintiff's complaint be 'live' not only at the time the plaintiff files the complaint but also throughout the litigation process."
>
> \*\*\*\*\*
>
> "Gospel lost its personal stake in the outcome when the zoning change resolved its dispute. Thus, the resolution of Gospel's controversy by the zoning change renders this case moot and further litigation unnecessary."
>
> \*\*\*\*\*
>
> "Because the controversy has been resolved and the plaintiff/appellant's claims are therefore moot, federal subject matter jurisdiction no longer exists."
>
> \*\*\*\*\*
>
> "Because Gospel's claims are moot, there is no case or controversy."

The timing in *Gospel* is similar to the timing in this case. In *Gospel*, the initial complaint was filed, and after the zoning change, the case was found to be moot. Thereafter, the court denied Gospel's motion to permit an amended complaint joining additional parties and adding claims for damages. In the instant case, the initial complaint was filed, and with the occurrence of the

11

election, this case has become moot. Thus, Plaintiffs are precluded from amending their complaint, and consequently, adding claims for damages.[36]

### III.   Costs and Attorney's Fees

The Complaint in the instant case (Doc. 1) was brought against Defendant, Jay Dardenne, in his official capacity as Louisiana Secretary of State. The United States Supreme Court has found that a suit against an official in his official capacity "is not a suit against the official personally, for the real party in interest is the entity.[37] Dardenne, in his official capacity, is not a person to whom Fed. R. Civ. Pro. 4(d) applies, as that rule applies only to those subject to service under Rule 4(e), (f), or (h).[38] Service on a defendant sued in his official capacity must be made under Rule 4(j), as suing a state official in his official capacity is ultimately a suit against the state.[39] Therefore, Defendant's reliance on Fed. R. Civ. Pro. 4(j) as the appropriate method for service is reasonable, and Plaintiff's claim for costs and attorney's fees under Rule 4(d) is without merit.

---

[36] Since this Court finds that Plaintiffs are not permitted to amend their complaint based on the foregoing reasons, this Court need not address Defendants additional arguments in opposition to Plaintiffs' proposed amendment.
[37] *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed. 114 (1985).
[38] Rule 4(e) concerns "an individual—other than a minor, an incompetent person, or a person whose waiver has been filed [who] may be served in a judicial district of the United States." Rule 4(f) applies to service on an individual in a foreign country. Rule 4(h) deals only with service upon "a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name."
[39] Plaintiffs cite a footnote from *Will v. Michigan Department of State Police,* 491 U.S. 58, 71 (1989) which states: "Of course, a state official in his or her official capacity, when sued for injunctive relief, would be a person under §1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Id.* at 71 n. 10. However, as explained by the Advisory Committee Notes to the 1993 Amendments to Fed. R. Civ. Pro. 4: "The request for waiver of service may be sent only to defendants subject to service under subdivision (e), (f), or (h). The United States is not expected to waive service for the reason its mail receiving facilities are inadequate to assure that the notice is actually received by the correct person in the Department of Justice. The same principle is applied to agencies, corporations, and officers of the United States and to other governments and entities subject to service under subdivision (j). Moreover, there are policy reasons why government entities should not be confronted with the potential for bearing costs of service in case in which they ultimately prevail."

## **Conclusion**

Accordingly, the Motion to Dismiss Case as Moot (Doc. 48) by Defendant Jay Dardenne, in his official capacity as Louisiana Secretary of State, is hereby GRANTED. The Motion to Amend Complaint (Doc. 44) by Plaintiffs, the Libertarian Party and the Socialist Party, is hereby DENIED. The Motion for Costs and Attorney's Fees under Rule 4(d) (Doc. 45) by Plaintiffs, the Libertarian Party and the Socialist Party, is hereby DENIED.

Signed in Baton Rouge, Louisiana, on March 24, 2009.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**