UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LIBERTARIAN PARTY, ET AL.

VERSUS

JAY DARDENNE,
In his official capacity as
Louisiana Secretary of State

CIVIL ACTION

NO. 08-582-JJB

**RULING AND ORDER**

The motion before the Court is Plaintiff's motion (doc. 76) to review the clerk's award of costs to Defendant. Defendant filed an opposition (doc. 77); Plaintiff filed a reply (doc. 78). The Court has jurisdiction pursuant to 28 U.S.C. § 1331. There is no need for oral argument. For the following reasons, Plaintiff's motion is GRANTED.

**Facts**

During and immediately after Hurricane Gustav, Defendant Jay Dardenne, Louisiana's Secretary of State, closed his office for several days, including the last few days during which presidential candidates could file qualifying papers and filing fees for the 2008 presidential election. On the following Monday, Dardenne reopened his office and declared that all papers were due by 5:00 P.M. that day. The Plaintiffs, after failing to submit their papers before Defendant's office closed, filed suit in September 2008, seeking an injunction requiring that Dardenne place their respective candidates' names on the ballot.

1

Following an emergency hearing, this Court issued a preliminary injunction placing the Libertarian Party's candidates' names on the ballot, but denied the Socialist Party's motion for preliminary relief. Upon appeal, the Fifth Circuit stayed the Libertarian Party's injunction and denied the Socialist Party preliminary relief. Thereafter, the November 2008 election occurred with neither party's candidates' names on the ballot. As a result, the Court dismissed Plaintiffs' case as moot.

After Defendant filed a Bill of Costs with the Clerk of Court, the Clerk of Court taxed Plaintiffs $1,034.55 for transcript fees for the court reporter. Plaintiffs filed this motion to review the award of costs.[1]

## Law and Analysis

Rule 54(d)(1) of the Federal Rules of Civil Procedure states that "unless a court order provides otherwise, costs…should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).[2] Because of a strong presumption in favor of costs, a court must articulate good reasons for doing so when it does not award costs. *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985). Such reasons include the presentation of close and difficult legal issues and good faith prosecution.

---

[1] Plaintiff argued that he required these transcripts for the stay proceeding before the Fifth Circuit, where he prevailed on that issue. Yet, as Defendants noted, Plaintiff did not include this cost in its request of costs from the Fifth Circuit. Accordingly, the Court references these transcripts as costs associated with the mootness issue decided in this Court.

[2] Prior to 2007, the rule stated that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1) (repealed 2007). Like other courts, this Court views the amendments as stylistic changes that do not affect the wealth of caselaw interpreting the old language. *See Stafford Ins., LLC v. Vito*, 2009 U.S. Dist. LEXIS 41250, at *33 (E.D. Penn. 2009) ("The word 'should' retains both the discretionary aspect of the former Rule's phrase 'unless the court otherwise directs' and the mandatory aspect of 'costs . . . shall be allowed as of course.'").

*Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) (holding that good faith prosecution alone is not sufficient to justify denial of costs).

Plaintiff argues that Defendant is not a prevailing party because the case was dismissed for mootness. In response, Defendant argues that the Fifth Circuit has held that dismissal with prejudice "is tantamount to a judgment on the merits and thus the prevailing party is entitled to costs." *Pacheco v. Mineta*, 448 F.3d at 795 n.19; *Schwarz,* 767 F.2d at 131. However, the Supreme Court has held that where a defendant voluntarily changes his behavior as a result of the lawsuit, thereby making the matter moot, the plaintiff is not a prevailing party. *Buchannon Bd. & Care Home v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 600 (2001) (addressing a reward of attorneys' fees).

Defendant argues that *Buchannon* does not apply because in *Pacheco* the Fifth Circuit stated that "the more stringent *Christiansburg* standard, which used to determine whether a defendant is a prevailing party for the purpose of awarding attorneys' fees under Title VII, does not apply to an award of costs." 448 F.3d at 794 n.19 (citing *Lewis v. NLRB*, 750 F.2d 1266, 1279 (5th Cir. 1985)). Those cases, however, differentiate between attorneys' fees and costs by refusing to require a defendant seeking costs show that the suit is frivolous, as he must when seeking attorneys' fees. Thus, the law is not clear on how to treat the present situation.

Here, Plaintiffs did not voluntarily dismiss this action, but lost on the issue of mootness, which resulted in dismissal. On first impression, as the parties

3

provided no cases deciding this same issue, the Court is not fully convinced that Defendant is a prevailing party. Although Plaintiff effectively argued the mootness issue, he "won" this case, not on the merits, but as moot because of a passage of time.[3] At the time Plaintiffs filed this suit, on September 15, 2008, the issue was not moot. This case, however, became moot after the presidential election of November 4, 2008. Had this matter proceeded to trial before that date, Plaintiffs might have won on the merits. Accordingly, this Court hesitates to name Defendant a prevailing party.

Yet, even if Defendant is a prevailing party, this case does not merit an award of costs to either party. Defendant did not prevail on the substantive legal claim—whether Dardenne's actions, while Secretary of State, violated the Constitution and were thus unenforceable—but because this Court lacks subject matter jurisdiction necessary to determine the merits because of mootness. *See Adams v. Monumental Gen. Cas. Co.*, 258 F.R.D. 576, 579 (M.D. Ga. 2009) (denying costs to either party where the denial of class certification led to dismissal for lack of subject matter jurisdiction). Time, not merits, defeated Plaintiffs' claims.

Also, not only did Defendant not prevail on the merits, but the issue of mootness required detailed analysis of the "capable of repetition, yet evading

---

[3] Plaintiff argued that he required these transcripts for the stay proceeding before the Fifth Circuit, which he prevailed upon on the merits of that issue. Yet, as Defendants noted, Plaintiff did not include this cost in its request of costs from the Fifth Circuit, which awarded other costs to Plaintiff. Accordingly, the Court references these transcripts as costs associated with the case in this Court.

review" exception. See *Ctr. For Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006). The unique facts prevented Plaintiffs from taking refuge in that exception, but also presented close and difficult legal issues, regarding mootness and the merits. Finally, as addressed above, Plaintiffs prosecuted this action in good faith, and if not for the passage of time causing its mootness, may have won on the merits. Under these circumstances, an award of costs would amount to an unjust punishment.

## Conclusion

Because the mere passage of time resulted in mootness, the case presented close and difficult legal issues, and those issues were prosecuted in good faith, the Court finds that an award of costs is not merited. Accordingly, Plaintiffs' motion (doc. 76) to review clerk's award of costs to Defendant is hereby GRANTED.

IT IS ORDERED that the Clerk of Court vacate the costs of $1,034.55 taxed against Plaintiffs for transcript fees for the court reporter.

Signed in Baton Rouge, Louisiana, on April 23rd 2010

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**